CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shonna Counter**,<br><br>Plaintiff,<br><br>v.<br><br>**Siu Cheng Fu**, in individual and representative capacity as trustee of The 2015 Amendment and Restatement of The Siu Cheng Fu Revocable Trust;<br>**Ash Hop II Inc.**, a California Corporation; and Does 1-10,<br><br>Defendants. | Case No.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Shonna Counter complains of Siu Cheng Fu, in individual and representative capacity as trustee of The 2015 Amendment and Restatement of The Siu Cheng Fu Revocable Trust; Ash Hop II Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers

1

Complaint

from Spinal Muscular Atrophy. Plaintiff drives a van that has a handicap placard issued by the state of California. She uses both a walker and wheelchair for mobility.

2.  Defendant Siu Cheng Fu, in individual and representative capacity as trustee of The 2015 Amendment and Restatement of The Siu Cheng Fu Revocable Trust, owned the real property located at or about 2912 S. Sepulveda Blvd., Los Angeles, California, in August 2018.

3.  Defendant Siu Cheng Fu, in individual and representative capacity as trustee of The 2015 Amendment and Restatement of The Siu Cheng Fu Revocable Trust, owned the real property located at or about 2912 S. Sepulveda Blvd., Los Angeles, California, in December 2018.

4.  Defendant Siu Cheng Fu, in individual and representative capacity as trustee of The 2015 Amendment and Restatement of The Siu Cheng Fu Revocable Trust, owns the real property located at or about 2912 S. Sepulveda Blvd., Los Angeles, California, currently.

5.  Defendant Ash Hop II Inc. owned IHOP located at or about 2912 S. Sepulveda Blvd., Los Angeles, California, in August 2018.

6.  Defendant Ash Hop II Inc. owned IHOP located at or about 2912 S. Sepulveda Blvd., Los Angeles, California, in December 2018.

7.  Defendant Ash Hop II Inc. owns IHOP ("Restaurant") located at or about 2912 S. Sepulveda Blvd., Los Angeles, California, currently.

8.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.

Complaint

Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Plaintiff went to the Restaurant in August 2018 and December 2018 to eat. This Restaurant is conveniently located and is only four miles from plaintiff's residence.

13. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

14. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

15. Unfortunately, the paths of travel at the entrance of the Restaurant were inaccessible to plaintiff during her visit.

16. There was a front approach to the pull side of a swinging entrance door but there was not very much clearance to the strike side of the door when the

Complaint

door gets opened because there was concrete support column near the door as it opens.

17. Because of the concrete column, a valet employee had to open and hold the entrance door open for plaintiff during her August 2018 visit.

18. Due to the configuration of the tables and chairs in the Restaurant, many of the paths of travel were less than 36 inches in width during plaintiff's visits. In fact, the paths of travel to the east dining room and toward the restroom of the Restaurant narrowed to as little as 24 inches in width due to customers dining chairs.

19. Because no customers were in the east dining area of the Restaurant during plaintiff's August 2018 visit, plaintiff was placed in the east dining area. The plaintiff was forced to sit in the aisle way during her meal because the tables were not accessible for plaintiff. Plaintiff, as a result of being placed in the aisle, became an obstruction as defined by the California Building Code and caused a "barrier" as that term is defined under the ADA by reducing the clear passage width. The plaintiff was embarrassed and frustrated to have to do something like that.

20. As a result of being placed in the empty east dining room, plaintiff felt isolated and alone. What is more, it was difficult for plaintiff to get timely help when she needed it during her meal.

21. Plaintiff could not navigate inside the Restaurant, either, without great difficulty. Indeed, when other patrons approached the transaction counter, plaintiff had to give way so that customers could get to the counter area from the entrance area. What is more, there is a small bench near the transaction area that blocked the entrance area of the Restaurant, causing issues for both the plaintiff and other customers.

22. Restrooms are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

Complaint

23. The paper towel dispenser in the west restroom was mounted so that its highest operable part was greater than 48 inches above the finish floor and inaccessible to wheelchair users. In fact, the paper towel dispenser was about 64 inches high.

24. The plumbing underneath the sink was not wrapped to protect against burning contact.

25. Additionally, the soap dispenser was mounted so that the sink obstructed the soap dispenser. As a result, the plaintiff could not reach the soap.

26. The restroom provides a toilet. Even though the toilet area had two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, there was no room to grab one of the grab bars because of the location of a changing table that is in the restroom.

27. Currently, the paper towel dispenser is mounted so that its highest operable part is greater than 48 inches above the finish floor and inaccessible to wheelchair users.

28. Currently, the plumbing underneath the sink is not wrapped to protect against burning contact.

29. Currently, the grab bars are not accessible because of a changing table that is located in the restroom.

30. Transaction counters are also one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

31. Unfortunately, the transaction counter at the Restaurant was more than 36 inches in height. In fact, the transaction counter was about 39 inches in height.

32. There was no lowered, 36 inch portion of the transaction counter at the Restaurant for use by persons in wheelchairs to conduct transactions.

33. Currently, the transaction counter at the Restaurant is more than 36

Complaint

inches in height.

34. Currently, there is no lowered, 36 inch portion of the transaction counter at the Restaurant for use by persons in wheelchairs.

35. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

36. Plaintiff personally encountered these barriers.

37. This inaccessible facility denied the plaintiff full and equal access and caused her difficulty, discomfort, and embarrassment.

38. Plaintiff will return to the Restaurant to avail herself of its goods or services once the barriers are permanently removed. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

39. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

40. The restroom dispenser could be lowered to a compliant height for little to no cost.

41. Insulation can be installed under the sink at a cost of no more than $25.

42. A common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price.

43. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See

Complaint

*Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

44. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

45. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are

7

readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

46. When an entrance or exit requires a front approach to the pull side of a swinging door, there must be a minimum of 18 inches clear floor space to the strike side of the doorway. Additionally, swinging doors shall have maneuvering clearances of 60 inches. 2010 Standards § 404.2.4.1.

47. Here, the failure to provide enough clearance is a violation.

48. The minimum clear width of an accessible route shall be 36 inches. 2010 Standards § 403.5.1.

49. Here, the failure to provide an accessible path of travel inside the Restaurant is a violation of the ADA.

50. Under section 902 of the 2010 Standards, clear floor space complying with section 305 positioned for forward approach shall be provided. The clear floor or ground space, meanwhile, shall be 30 inches minimum by 48 inches minimum. 2010 Standards § 305.3. Finally, one full obstructed side of the clear floor or ground space shall adjoin an accessible route or adjoin another clear floor or ground space. 2010 Standards § 305.6.

51. Here, the space at the end of the tables does not meet the standards and is in violation of the law.

52. If controls, dispensers, receptacles or other equipment is provided in a restroom, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 48 inches above the floor. 2010 Standards § 308.3.

53. Here, the failure to ensure that the wall mounted accessories meet the

8

height requirement is a violation of the ADA.

54. Hot water and drain pipes under lavatories must be insulated or otherwise configured to protect against contact. 2010 Standards §606.5.

55. Here, the failure to wrap the plumbing underneath the sink is a violation of the ADA.

56. Side grab bars at the accessible toilet must be no less than 42 inches in length. 2010 Standards § 604.5.1. Additionally, the space between the grab bar and projecting objects above shall be 12 inches minimum. 2010 Standards § 609.3.

57. Here, because of the changing table, the amount of exposed and useable grab bar was well below 42 inches in length. Moreover, there was very little room whatsoever between the grab bar and the changing table.

58. Clear floor space that allows a forward or a parallel approach by a person using a wheelchair shall be provided at controls, dispensers, receptacles, and other operable equipment. 2010 Standards § 309.2.

59. Here, the failure to provide such floor space for the soap dispenser is a violation of the law.

60. Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

61. Here, no such accessible counter has been provided in violation of the ADA.

62. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

63. A public accommodation must maintain in operable working condition

Complaint

those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

64. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

65. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

66. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

67. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

68. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 per occasion.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: February 9, 2019          CENTER FOR DISABILITY ACCESS

By: _____

Chris Carson, Esq.
Attorney for plaintiff

11

Complaint